M. Davis Mason
vs. } No. 85143.
Samuel Bomes

February 17, 1932.

FROST, J. Heard on defendant's motion for new trial after verdict for the plaintiff in the sum of $536.32.

This is a suit brought by the plaintiff to recover for services rendered in the preparation of plans for the erection of a building in the town of East Providence, now known as the Hollywood Theatre.

The plaintiff is a man of 40 years' experience as an architect, according to the evidence. He testified that the defendant came to his home and said that he wanted plans drawn for a movie house, that he wanted no specifications, that he did not want any percentage; that he (plaintiff) in reply said that he would draw the necessary plans for $500; that after some talk this price was agreed upon and he proceeded to draw some preliminary plans which were desired for use in obtaining the building permit; that he afterwards drew the finished plans, had blue prints made in Providence and mailed them to defendant.

Defendant testified that he ordered a complete set of plans and agreed to pay $350 for them; that he received preliminary plans which were of only slight value to him; that the scale used by the plaintiff was one-eighth of an inch to a foot and that this was too small for use by the various workmen and subcontractors; that he met the plaintiff one day on Union street and that after he had told him what he wanted, the plaintiff said that he wasn't prepared to make a set of plans like that and would have to give it up; that he never received a set of blueprints from finished drawings; that he was obliged to hire another architect and that the plans made by the latter were the plans from which the theatre was constructed.

As to the price to be paid for the plans, it is difficult to see how there could have been a misunderstanding amounting to $150. On this point the plaintiff had some support from his daughter who corroborated him on the price to be paid for the plans.

Plaintiff denied that he had had any such conversation on Union street as related by the defendant, and apparently the jury believed him.

As to the finished plans, the plaintiff did not attempt to show that blue prints had been made from them by producing the person who did the work nor did the defendant attempt to show that any search had been made at the post-office for plans alleged to have been sent him. The issues just mentioned involved the credibility of the parties. They were clearly for the

jury to determine and the jury found in favor of the plaintiff.

It remains to consider whether the plaintiff reasonably performed his contract by producing serviceable plans.

The defendant denied that he had received the blue prints which the plaintiff said that he had had made from his finished drawings but he contended that the scale used by the plaintiff in his preliminary plans as well as the completed plans was not large enough to allow contractors to figure from them and that the scale should have been one-quarter inch to the foot. The plans which Oresto DiSaia made and from which, as the defendant testified, the theatre was actually constructed, were drawn on a one-quarter inch scale.

The plaintiff testified that the one-eighth inch scale was used not infrequently in plans made for buildings constructed by the United States Government.

Cyril L. D. Wells, a former inspector in the office of the Inspector of Buildings in the city of Providence, testified that it was common practice to use a quarter-inch scale for general construction; that plaintiff's plans were not readable and that generally they were not sufficient. His criticisms were based upon the preliminary plans, however, and not upon the blue prints made from the final plans.

Homer R. McBain, who, it appeared, had had considerable experience in Providence and elsewhere and who had acted as superintendent of construction for the defendant in the erection of the Hollywood Theatre, criticised the plaintiff's plans because of the small scale and also because they were drawn on paper with a pencil instead of with a pen on oiled cloth. He testified that a one-eighth scale was not impracticable but that that scale in pencil made a difficult plan from which to work.

Mr. DiSaia testified substantially that drawings were commonly made in ink and on a quarter-inch scale.

The weight of the testimony was to the effect that at the present time the one-quarter inch scale is more commonly used in general construction but the Court thinks that from all the testimony the jury was justified in finding that the plans as made by the plaintiff were serviceable, could have been used by the defendant and represented a reasonable performance of his agreement with the defendant.

The defendant testified that he considered that he owed the plaintiff something and Mr. DiSaia estimated the value of the plans admittedly received by the defendant to be worth from $100 to $150.

The jury saw and heard the parties and in the opinion of the Court the verdict was not contrary to the weight of the evidence. The verdict does substantial justice between the parties and defendant's motion for a new trial is therefore denied.

For plaintiff: Arthur P. Johnson.

For defendant: Robinson & Robinson.